Vermont Superior Court
Filed 11/14/23
Addison Unit

VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 72-4-20 Ancv

| Aerie Point Holdings, LLC vs. Vorsteveld Farm, LLC |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion to Stay Evidentiary Hearing on Motion for Contempt (Motion: 25)
Filer:      Claudine C. Safar
Filed Date:   October 26, 2023

The motion is DENIED.

This is a ruling on the request in the document filed by Defendant on October 26, 2023 which the court has deemed is a Motion to Stay the evidentiary hearing scheduled to begin December 11, 2023 on Plaintiff's Motion for Contempt. The court has considered the motion, the opposition, and the reply. The record shows the following:

August 15, 2022: A final judgment issued providing Plaintiff injunctive relief only.

April 7, 2023:  The Vermont Supreme Court denied Defendant's request for a late appeal.

June 5, 2023:   Plaintiff filed a "Motion to Find Defendant in Contempt of Court and to Enforce August 15, 2022 Judgment."

July 21, 2023: This court issued an entry order calling for an evidentiary hearing on the Motion for Contempt.

August 11, 2023: Defendant filed a Motion for Relief from Judgment (Rule 60(b)).

September 15, 2023: The Contempt hearing was scheduled for December 11, 12, and 14.

September 21, 2023: The Motion for Relief from Judgment was denied.

October 13, 2023:  Defendant appealed the denial of the Defendant's Motion for Relief from Judgment to the Vermont Supreme Court. The Plaintiff's Motion for Contempt remained scheduled for evidentiary hearing. Plaintiff filed a Legal Memorandum related to its Motion for Contempt stating the position that the filing of the appeal "has no effect on the Court's jurisdiction with respect to the contempt proceeding, which should proceed without delay."

October 26, 2023: Defendant filed an "Opposition to Continuing Jurisdiction and Reply to Plaintiff's Memorandum in Support of Motion to Find Defendant in Contempt and Enforce

August 15, 2022 Judgment." In this filing, Defendant argued that the court had no jurisdiction to proceed with the Contempt motion (which remained scheduled) and requested that the court "deny Plaintiff's request to proceed with the contempt proceeding until the appellate court properly decides the 60b appeal and jurisdiction returns to the Superior Court."

Both of these documents were labeled legal memoranda. There was no pending motion regarding proceeding with or staying the evidentiary hearing on the Motion for Contempt, and it remained scheduled. The Defendant's memorandum included the request to cancel the scheduled hearing on the Motion for Contempt.

The court determined in a ruling of October 30, 2023 that the pertinent authority on the issue of jurisdiction concerning action on injunctive relief when an appeal is pending is in Rule 8 of the Rules of Appellate Procedure: "**Stay or Injunction Pending Appeal**." It provides:

(a) **Motion.**
    (1) *Initial Motion in the Superior Court.* A party must ordinarily move first in the superior court for the following relief:
        (A) a stay of the judgment or order during the pendency of an appeal when a stay is not automatic under [specific rules]; or
        (B) an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal.

Section (a)(2) provides for a motion to be filed in the Supreme Court if the superior court denies the motion or under other specified circumstances.

Although Defendant's legal memorandum was not filed as a motion, the court treated it as a Motion to Stay because it requested the specific relief from the court of a stay of the scheduled hearing on enforcement of an injunction and provided the legal argument on which it relied.[1] The court provided for shortened deadlines for response and reply so that the issue could be resolved prior to the scheduled hearing dates.

Defendant argues that the trial court should not hear a motion for contempt of a judgment that may be vacated or altered as a result of its current appeal, and thus should not hear the motion during the pendency of the appeal. However, Rule 8 of the Vermont Rules of Appellate Procedure inherently indicates a "default" expectation that the hearing would be held unless a judge grants a motion to stay. The nature of injunctive relief often involves stopping ongoing harm, although not always. The Reporter's Notes show that this rule has been in effect since the Rules were first promulgated, and it provides a mechanism for "relief" from what would otherwise occur, which would be proceedings to obtain or enforce a judgment or order for injunctive relief. It recognizes the authority of the trial court to address current issues related to

---

[1] V.R.C.P. 7(b)(1) provides that "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor including a concise statement of the facts and law relied on, and shall set forth the relief or order sought." Defendant's memorandum included all these elements although it was not filed as a motion. Since there was limited time before the scheduled hearing, it was more expedient to treat Defendant's filing as a motion rather than direct that a motion be filed.

an order or judgment for injunctive relief *unless* the trial court itself, or the Supreme Court, puts a stay in effect after consideration of a motion.

Defendant argues that this court should stay the hearing in order to preserve the status quo pending resolution of the appeal on the Rule 60(b) motion. Plaintiff argues that the damage the injunction was intended to stop is ongoing and that the judgment itself is not on appeal—what is on appeal is denial of a post-judgment motion, and that it is not in the public interest to countenance delay in the enforcement of judgments due to the filing of a Rule 60(b) motion.

Defendant filed its Rule 60(b) Motion for Relief two months after Plaintiff filed its Motion for Contempt, and three weeks after the court ordered a hearing on the Motion for Contempt. V.R.A.P. Rule 8 clearly shows that a stay is not automatic in situations involving injunctive relief. The Rule provides for judicial evaluation of whether an enforcement request should proceed or not. On the one hand, a party subject to an injunction should not be able to avoid the obligations of a final judgment and trigger delay simply by filing a post judgment motion. On the other hand, Defendant appropriately argues that it would be wasteful for the trial court to tailor sanctions for contempt to an injunction that the Supreme Court might ultimately determine should no longer be applicable.

Taking these considerations into account, the court declines to stay the hearing scheduled to begin on December 11. The injunction issued initially in September of 2022, and became final over 6 months ago. Whether Defendant has failed to comply during this period is certainly relevant, and the evidence is fresher now than it will be at a date after a Supreme Court appeal is complete. If the court makes a finding of contempt based on the evidence, it can then address the timing as well as the substance of any sanctions, including whether or not sanctions should be imposed forthwith, whether determination of sanctions will be postponed pending resolution of the Supreme Court appeal, or whether a determination of sanctions will be made but implementation will be stayed pending resolution of the Supreme Court appeal.

This avoids unnecessary delay in the overall resolution of the Motion for Contempt and effect of the judgment, and allows for flexibility in response to the facts as determined at trial and the progress of the Supreme Court appeal and any consequences.

Accordingly, the Motion to Stay is denied. The hearing will go forward on December 11, 12, and 14. The Entry Order of October 11, 2023 concerning pretrial and trial procedures remains in effect.

Electronically signed November 14, 2023 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned